IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **CHARLES M. TESTERMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:04CV01121 |
| | ) | |
| **MBNA AMERICA BANK, N.A.,** | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the motion of Defendant MBNA America Bank, N.A. ("MBNA") to dismiss Plaintiff's complaint for lack of subject matter and personal jurisdiction, and insufficient service of process pursuant to Rules 12(b)(1), (2), (4) and (5). (Pleading No. 3.) Plaintiff Charles M. Testerman, proceeding *pro se*, failed to respond to MBNA's motion, despite having received notification from the Court of the pending motion to dismiss and the consequences of failing to respond. *See Roseboro* letter, Pleading No. 5. The Court heard oral argument on the motion on April 25, 2005. Although Plaintiff Testerman was notified by the Court of the time, date and location of the hearing, he nevertheless failed to appear. The motion is ready for a ruling.

### I. Background Facts & Procedural History

On June 7, 2004, MBNA served Plaintiff with a notice and claim for arbitration regarding an account Plaintiff maintains with MBNA. (Pleading No. 1, Verified Compl. ¶ 5.) On June 15, 2004, Plaintiff submitted an objection and refusal to participate in the arbitration

to the National Arbitration Forum ("NAF"). *Id.* ¶ 6. On September 15, 2004, the NAF issued an arbitration award in favor of MBNA. *Id.* ¶ 8. On November 30, 2004, Plaintiff filed a verified complaint in this Court seeking to vacate the arbitration award in favor of MBNA pursuant to section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10. Plaintiff alleges that the arbitration award was procured through "manifest disregard of law where the arbitrator[s] exceed their powers through undue means exhibiting evident partiality resulting in misconduct that prejudiced plaintiff's rights." (Compl. ¶ 9)(internal punctuation omitted).

## II. Discussion

Defendant MBNA moves the Court to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. MBNA argues that Plaintiff's complaint fails to allege a basis for either federal question or diversity jurisdiction.

MBNA's argument has merit. Even assuming that all of the allegations in Plaintiff's complaint are true, as we must for purposes of this motion, *see Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982), Plaintiff's complaint fails to allege a basis for federal question jurisdiction under 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2004). While state and federal courts have concurrent jurisdiction to resolve claims under the FAA, the FAA does not provide an independent basis

for federal question jurisdiction in federal court. *See Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991)("Although it is an anomaly for a statute that creates federal substantive rights not to form the basis for federal question jurisdiction, subject matter jurisdiction for an FAA claim in federal court must rest on some basis independent of the FAA.") Therefore, to establish federal jurisdiction, Plaintiff must demonstrate that even if there were no arbitration agreement or award in this case, a federal court would still have jurisdiction over the subject matter of the underlying controversy between the parties. Plaintiff's complaint fails to do this, as Plaintiff has relied solely upon the FAA as his basis for federal jurisdiction.

Similarly, Plaintiff's complaint fails to allege a basis for diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties that reside in different states. 28 U.S.C. § 1332 (2004). However, Plaintiff's complaint contains no reference to any amount in controversy. Accordingly, Plaintiff has failed to allege a basis for diversity jurisdiction.

As Plaintiff's complaint fails to allege any basis for the Court to exercise subject matter jurisdiction over this action, the Court recommends that MBNA's motion to dismiss be granted.[1]

---

[1] Because the Court has found merit to MBNA's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), it need not and does not reach MBNA's remaining arguments under Rules 12(b)(2), (4), and (5).

### III. Conclusion

In light of the foregoing analysis, **IT IS HEREBY RECOMMENDED** that MBNA's motion to dismiss (Pleading No. 3) be granted, and that this action be dismissed with prejudice.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: May 5, 2005